# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

SHANE ALLEN MAY                                                                                          PLAINTIFF

v.                                               3:15CV00352-DPM-JTK

ALLISON HUCKABEE, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## I.    Introduction

Plaintiff Shane May filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment and unconstitutional conditions of confinement while he was incarcerated at the Greene County Jail in 2015(Doc. No. 10).[1]  By Order dated February 1, 2016, this Court dismissed Plaintiff's conditions of confinement claims against Defendants (Doc. No. 19).

Currently pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by Defendants Huckabee-York, Crittenden, Wright, Farmer, and Moss (Doc. Nos. 34-36).  Plaintiff did not respond, and by Order dated October 14, 2016, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute  (Doc. No. 37).  As of this date, however, Plaintiff has not responded to the Motion.

## II.    Second Amended Complaint

Plaintiff alleged that between 7/25/15 through 8/18/15, and 8/26/15 through 10/30/15, he was

---

[1] Plaintiff notified the Court of his release from incarceration on August 5, 2016 (Doc. No. 31).

2

denied any medical treatment or attention at the Jail. (Doc. No. 10, p. 5) He alleged Defendants Huckabee-York and Crittenden, as Jail administrators, failed to ensure and maintain adequate medical care procedures, which caused many of his medical requests to be ignored or unanswered. (Id.) He also claimed that Defendants Wright, Farmer, and Moss reviewed his medical requests but failed to act upon them, and ignored him for two months. (Id., pp. 6-7) He acknowledged receiving migraine medication on September 23, 2015, and receiving medical care on October 30, 2015, but claimed that between those times he suffered harm caused by "regurgitation of stomach acids" and migraine headaches. (Id., pp. 10-13) He stated that he was incarcerated as a pre-trial detainee until he was sentenced on October 23, 2015, and asks for damages and apologies from Defendants. (Id., pp. 7, 15)

### III.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could

actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A.   Official Capacity

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed, because he did not allege that their actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Absent such an allegation, or a response from Plaintiff, the Court finds the monetary claims against Defendants in their official capacities should be dismissed.

### B.   Individual Capacity

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would

have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to the affidavit of Defendant Huckabee-York, Plaintiff was incarcerated at the Jail during the following dates of 2015: April 13-May 12, July 6-July 16, July 20-August 18, and August 26-November 6. (Doc. No. 36-1, p. 1) Defendant further states that she and Defendant Crittenden are not medical professionals and do not provide medical treatment to inmates, but instead, rely on medical staff to evaluate, treat and refer inmates for medical treatment. (Id.) During the time at issue, the Jail implemented a new "kiosk" computer system by which inmates communicated issues, including requests for medical treatment, to Jail staff. (Id., p. 2) Due to the volume of medical

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

requests during this time and the Jail staff's unfamiliarity with the new system, some requests were not responded to in a timely manner, and some were not responded to at all. (Id.) In addition, during this time the Jail also implemented a new medical policy that required detainees to pay a co-pay of medical and dental treatment and medication, if they were able to do so. (Id.) The Jail also discontinued providing over-the-counter medications to inmates free of charge and without a doctor's prior approval. (Id.)

Defendants also rely on Plaintiff's Jail file, which includes the kiosk requests and responses, and medical records. (Doc. No. 36-2) According to those records, Plaintiff submitted numerous requests for medical attention for migraine and stomach medications, e-cigarettes, and a kosher diet, between July 20, 2015, and November 6, 2015. (Id., Doc. No. 36-1) Detention staff responded to those requests on the following dates in 2015: July 29, September 10, September 14, September 24, September 30, October 1, October 4, October 9, October 13, October 16, October 18, October 20-21, and October 27. (Doc. No. 36-1) Plaintiff received mental health treatment on September 10, October 13, October 14, and October 17, and was seen by medical staff on October 16 and October 30. (Id.) According to his Second Amended Complaint, he received migraine medication on September 23, 2015, and Excedrin which family members brought to him on October 12, 2015. (Doc. No. 10, pp.10-11) He was prescribed medications on October 12, 2015, and October 30, 2015. (Doc. No. 36-1)

Based on Plaintiff's records, Defendants state that he provides no proof that they violated his constitutional rights by acting with deliberate indifference to his serious medical needs. Defendants state Plaintiff never linked or attributed any of the delays or lack of responses to any of them, and that while the implementation of the kiosk system may have resulted in negligent responses/behavior, Plaintiff provides no evidence of deliberate indifference. Defendants also state

6

that inmates are not entitled to free medical treatment if they can pay for it, and that Plaintiff has not alleged that he was not able to pay for any medical treatment or medications. Defendants in fact point to Plaintiff's ability to afford e-cigarettes as evidence that he was able to afford paying for medical care.

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants (Doc. No. 36) are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). Since Plaintiff was a pretrial detainee during most of the time at issue, the Due Process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course

of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

Furthermore, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). A prison official who is "not involved in treatment decisions made by the medical unit's staff and 'lacked medical expertise,...cannot be liable for the medical staff's diagnostic decision[s].'" Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Camberos, 73 F.3d at 176). Finally, "if any claim of medical indifference ... is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." Kulow v. Nix, 28 F.3d 855, 859 (8th Cir. 1994) (quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)).

In this particular case, Defendants provide records to show that, contrary to Plaintiff's allegations, he did in fact receive responses to several of his requests, was seen by medical staff at the Jail on October 16, 2015, and October 30, 2015, and was taken to Mid-South Health Systems for mental health services on four other occasions. (Doc. Nos. 36-1, 36-2) Plaintiff provides no evidence that any of the named Defendants knew he had a serious medical need, yet deliberately disregarded that need. While the Court acknowledges that the delays in responding to his requests

should not have occurred, Plaintiff provides no proof of harm as a result, and provides no proof that Defendants were aware of a serious need and deliberately disregarded it.  Finally, the Court notes that Defendants Huckabee-York and Crittenden, as non-medical professionals, had no role in the medical care of any of the inmates, and Plaintiff provides no evidence concerning how any alleged improper supervision led to inadequate and improper medical care and treatment.  See Howard v. Adkison, 887 F.2d 134, 138 (8th Cir. 1989).  Therefore, absent additional facts or evidence from Plaintiff to show otherwise, the Court finds that Defendants acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 34) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 9th day of November, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE